356 A.2d 742

Dorothy McMILLAN and William C. McMillan,
her husband, Plaintiffs,

v.

MOUNTAIN LAUREL RACING, INC., a cor-
poration, et al., Defendants.

Appeal of Arthur R. GORR.

Supreme Court of Pennsylvania.

Argued Sept. 26, 1975.

Decided May 12, 1976.

Arthur G. Stein, Stein & Winters, Pittsburgh, for appellant.

Roslyn M. Litman, Pittsburgh, for amicus curiae.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Arthur R. Gorr, an attorney, was found guilty of contempt of court and ordered to pay a $100 fine or be committed to jail in default of payment. At the time of the incident which led to the contempt citation, appellant was trial counsel for defendants in a negligence suit. During the noon recess following the contempt citation, appellant, who was unable to pay the fine forthwith, was handcuffed in the courtroom and then taken to jail. Sometime later that day, he was returned to the trial court, and a supersedeas was entered. This appeal followed.

The incident with which we are concerned took place at the beginning of the negligence suit. The plaintiffs had called an officer of one of the defendant corporations to the witness stand and had just completed questioning him. The court then addressed appellant, Arthur R. Gorr, and the following occurred:

"THE COURT: Mr. Gorr, you may cross-examine.

### CROSS–EXAMINATION

BY MR. GORR:

Q. Mr. Townsend, do you expect to be in this city tomorrow and Friday?

A. I have engagements out of the city tomorrow and Friday.

THE COURT: That is interesting, but what is the purpose of it?

MR. GORR: Is there an objection to my question, Your Honor?

THE COURT: Yes. Let's stick to this case. Let's not get into social intercourse. The jury will disregard the last question. Proceed with questioning the witness with matters relevant to this case.

MR. GORR: I object to the words—

THE COURT: Mr. Gorr, will you please proceed with the case.

MR. GORR: I am proceeding with my case.

THE COURT: Proceed and you will entertain no—

MR. GORR: The demeanor in this courtroom—

THE COURT: Mr. Gorr, are you going to proceed with this case right now? If not, we will take appropriate sanctions.

MR. GORR: I am proceeding with the case, Your Honor.

THE COURT: Then go ahead. Ask a question.

MR. GORR: I asked a question, Your Honor.

THE COURT: That question is totally improper.

MR. GORR: If my question is to be ruled proper—

THE COURT: Proceed, Mr. Gorr.

MR. GORR: I am proceeding, Your Honor.

THE COURT: Ask a question.

MR. GORR: Your Honor, there is unfinished business on the record which I would like to finish.

THE COURT: Mr. Gorr—

MR. GORR: Yes, Your Honor.

THE COURT: You will either ask a question relevant to the subject matter of this case within the next fifteen seconds or you are going to have a fine imposed of $100 as being in contempt of this Court. Do you undertand that you have fifteen seconds?

MR. GORR: I understand.

THE COURT: I will hear no more comment.

MR. GORR: I will not operate under an ultimatum like that. If you wish to impose sanctions, you do so.

THE COURT: Proceed to ask a question. You will forthwith pay a fine of $100 or be committed to the Jail until you do.

Mr. Bodnar, call the sheriff. Mr. Beinkemper, you may cross-examine this witness.

MR. BEINKEMPER: I have no questions.

THE COURT: Mr. Duffy—

MR. DUFFY: I have no questions of the witness, Your Honor.

THE COURT: You may step down.

Mr. Evans, call your next witness.

.    .    .    .    .    .    .    .

(The jury was excused from the courtroom)

THE COURT: Step forward, Mr. Gorr.

Mr. Gorr, you have been held in contempt of this Court, and a fine of $100 will be paid to the County Treasury of the County of Allegheny. You may pay it forthwith or you may go to Jail.

MR. GORR: I do not have on my person $100. I do not know my rights, having never been so treated in court before. Any fine that I would—

THE COURT: We are not going to discuss the merits of it. You may file any appropriate proceedings you want, and they will be handled at the appropriate time. Suffice to say your only choice right now is to pay the $100 or go to jail.

MR. GORR: I do not have $100, nor would I pay it without protesting.

THE COURT: You may pay it under protest, but it will be paid or you will go to jail.

MR. GORR: I would also, Your Honor, move for the withdrawal of a juror in the present proceedings.

THE COURT: We will discuss that after we have decided this, Mr. Gorr. We will give you time to get the $100. The sheriff will take you into custody and permit you to make a phone call and will take you to the County Treasurer's Office now. For failure to pay it by 12:30, you will go to jail. And the sheriff will return you here for the continuation of the trial of this case at 1:30.

The motion for withdrawal of a juror is denied.

Stand in recess until 1:30.

(The luncheon recess was taken.)

MR. GORR: If it please the Court—let the record show that the sheriff is putting me in handcuffs and that I tried to get the attention of the Court to ask whether the Court would order in this procedure—

(Off the record.)

.    .    .    .    .    .    .    .

(Court is recessed for the day.)

THE COURT: Come forward, Mr. Gorr.

Mr. Gorr, I understand that through your counsel that the fine will be paid tomorrow morning. I have signed an Order of Supersedeas of the Order previously entered, and that the payment of the fine will not render the matter moot. And until such time as the fine is paid tomorrow morning, relying on the representation of Mr. Stein, you are released into the custody of Mr. Stein.

MR. STEIN: The Court clearly understands we are not waiving any right of appeal from the Court's order today adjudging Mr. Gorr to be in contempt.

THE COURT: Mr. Stein, this Court appreciates the fact that this is an important matter to your office and personally to Mr. Gorr, and that you would want to have the matter aired in the proper form [sic], which is the Appellate Court. And your rights to ap-

peal are fully protected, and you may feel free to pursue any remedy, any right that is available to you.

MR. STEIN: Very well."

.    .    .    .    .    .    .    .

■    By statute the situations in which a court may inflict summary punishment for contempt are narrowly restricted. Infliction of summary punishment for contempt of court is authorized if there is "misbehavior .   .   . in the presence of the court, thereby obstructing the administration of justice." See Act of June 16, 1836, P.L. 784, § 23, 17 P.S. 2041. A conviction under that provision of the statute "requires a finding of conduct that amounts to misbehavior in the presence of the court and a further finding that the misbehavior obstructed the administration of justice." *Tenenbaum v. Caplan (Mallin Appeal)*, 454 Pa. 1, 4, 309 A.2d 428, 430 (1973).

■    We have considered that which transpired between the trial court and the attorney in the colloquy earlier quoted and conclude that the appellant did not engage in misbehavior which obstructed the administration of justice.

POMEROY, J., concurs in the result.

Judgment reversed.