569 A.2d 968

**Michael D. MOFFATT, a Minor, by his Parents and Natural Guardians, David and Cynthia MOFFATT, and David and Cynthia Moffatt, in their own Right**

**v.**

**James BUANO.**

**Appeal of Charles W. GARBETT.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1989.

Filed Feb. 6, 1990.

1

2

Edwin J. Strassburger, Pittsburgh, for appellant.

Before CIRILLO, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order below dated September 22, 1988 holding appellant in direct summary criminal contempt and fining him $2000.00. Appellant contends that the court erred in holding him in contempt under 42 Pa.C.S.A. §§ 4132(1) and (3).[1] For the reasons that follow, we agree and reverse the order below.

On September 22, 1988, appellant, Charles W. Garbett, Esquire, was called to the chambers of the Honorable Glenn McCracken Jr., President Judge of Lawrence County. Appellant was unaware of the reason he had been summoned, as, at that time, he had no matters pending before President Judge McCracken. Appellant appeared at chambers, and

---

1. Appellant also contends that he was deprived of his constitutional right to be judged by a neutral and dispassionate judge as required by *Mayberry v. Pennsylvania*, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Because of our disposition of appellant's first claim, we need not address this issue.

asked the purpose of the conference. He was advised that the purpose would be fully explained at a conference in the courtroom. In the hallway, on the way to the courtroom, the court administrator heard appellant call President Judge McCracken an "asshole." President Judge McCracken did not hear the comment in the hallway. Upon entering the courtroom, President Judge McCracken ordered appellant to repeat his comment, and appellant repeated the remark. President Judge McCracken then held appellant in contempt of court and ordered appellant committed to the Lawrence County Jail. Appellant questioned President Judge McCracken's impartiality, and requested a hearing before another judge, and was refused. Appellant was given an opportunity to purge the contempt by apologizing. Appellant "apologized," by saying, "I was instructed to repeat the remark that I made. I repeated that remark. If it was offensive to Mr. and Mrs. Moffatt [plaintiffs in the underlying action] I certainly apologize." N.T. September 22, 1988 at 4. Because appellant did not apologize directly to the court, the court continued to sentence him to jail. Appellant again requested a hearing before another judge and again was refused. The court immediately proceeded to hold a contempt hearing and held appellant in direct summary criminal contempt. Appellant was ordered to pay a fine of $2000.00. The order was reduced to writing and filed on September 29, 1988.[2] This appeal followed.

Trial courts have an inherent power to impose summary punishment for contempt of court. That power however is restricted by 42 Pa.C.S.A. § 4132.[3] In an opinion, filed May 30, 1989, the court explained that it held appellant in contempt based on 42 Pa.C.S.A. § 4132(1) and § 4132(3). These sections provide in relevant part:

2. In the order, the court did not impose a term of imprisonment. In its opinion, the court noted that a term of imprisonment would have been inappropriate because a jail sentence is only for contempt committed in open court. See 42 Pa.C.S.A. § 4133.

3. Current § 4132 was previously found at 42 Pa.C.S.A. § 4131. The section was renumbered on December 20, 1982.

The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

\* \* \* \* \* \*

(3) The misbehavior of any person in the presence of the court thereby obstructing the administration of justice.

*Id.* §§ 4132(1), (3). Appellant argues that the court erred in holding him in contempt under (1) § 4132(1) because that section does not apply to attorneys and (2) § 4132(3) because he did not possess the requisite intent to obstruct justice nor did an obstruction of justice occur.

█ In its opinion, the trial court held that appellant was properly held in contempt under either of the sections cited above. Appellant first argues that he could not properly be held in contempt under subsection (1) because he was not an "officer" of the court for purposes of the section. Prior to 1981, there had been conflicting authority on whether attorneys are officers of the court for purposes of this section. However, in *Matter of Campolongo*, 495 Pa. 627, 435 A.2d 581 (1981) our Supreme Court noted that:

the great weight of authority, both state and federal, supports the construction of our more recent cases that *attorneys do not fall within the purview of subsection (1).*

*Id.* at 495 Pa. 632 n. 7, 435 A.2d at 583 (1981) (citing cases) (construing prior § 4131(1)) (emphasis added). Accordingly, the court's contempt order cannot be upheld on § 4132(1).

█ Appellant next argues that the trial court erred in holding him in contempt under § 4132(3) because he did not possess the requisite intent to obstruct the judicial process nor did an obstruction of justice occur. Our Supreme Court consistently has held that:

subsection 3 requires proof beyond a reasonable doubt of (1) misconduct, (2) in the presence of the court, (3) committed with intent to obstruct the proceedings, which (4) obstructs the administration of justice. *Commonwealth v. Owens*, 496 Pa. 16, 436 A.2d 129 (1981); *Matter of Campolongo*, 495 Pa. 627, 435 A.2d 581 (1981); *Commonwealth v. Reid*, 494 Pa. 201, 431 A.2d 218 (1981); *Matter of Nugent*, 494 Pa. 2, 427 A.2d 1154 (1980); *Commonwealth v. Rubright*, 489 Pa. 356, 414 A.2d 106 (1980) (plurality); *In re Cogan*, 485 Pa. 273, 401 A.2d 1142 (1979); *Commonwealth v. Garrison*, 478 Pa. 356, 386 A.2d 971 (1978) (plurality); *In re Johnson*, 467 Pa. 552, 359 A.2d 739 (1976). Moreover, the Pennsylvania summary contempt statute has been interpreted to require that in order "[f]or conduct to constitute an obstruction of the administration of justice, it must significantly disrupt judicial proceedings." *Matter of Campolongo, supra* 495 Pa. at 633, 435 A.2d at 584 and cases cited therein.

*Commonwealth v. Cameron*, 501 Pa. 572, 575, 462 A.2d 649, 650 (1983) (construing prior section 42 Pa.C.S.A. § 4131(3)).

The contempt order in the case at bar was based entirely on appellant's reference to the judge as an "asshole." Appellant initially made the comment in the hallway. There is no evidence that appellant made this remark with the intent to obstruct justice. Appellant made the remark in the hallway, and although the remark was made in the court's presence, we note that the court was unaware of the remark. *See* N.T. September 22, 1988 at 5. Moreover the remark clearly did not obstruct justice because court was not in session, nor were any judicial proceedings in progress.

Appellant, of course, repeated the remark, on the record, in the courtroom. However, when appellant repeated the remark, he did so only after the court ordered him to do so. *See Id.* at 1. Again, there is no evidence that the remark was made with the intent of obstructing justice or that it

actually obstructed justice. Although President Judge McCracken understandably may have taken offense at appellant's remark, upon learning of it, personal offense does not raise an improper comment to the level necessary to hold one in criminal contempt. As the Honorable Donald E. Wieand has noted:

> [m]ere affront to the trial judge is not enough. Remarks that are injudicious, or even disrespectful, will not, without more, justify a summary conviction for contempt of court. *In the Matter of Campolongo, supra* 495 Pa. at 633, 435 A.2d at 584; *Commonwealth v. Garrison,* 478 Pa. 356, 373, 386 A.2d 971, 979 (1978). Inappropriate and even ill-mannered conduct which does not obstruct or delay the trial "falls short of that misbehavior which may be punished under [42 Pa.C.S. § 4131(3)]." *Commonwealth v. Rubright, supra* 489 Pa. at 364, 414 A.2d at 110.

*Commonwealth v. Restifo,* 339 Pa.Super. 225, 229, 488 A.2d 633, 635 (1985). Moreover, the United States Supreme Court stated:

> Judges are supposed to be [persons] of fortitude, able to thrive in a hearty climate. Trial courts ... must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice.

*In the Matter of Little,* 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708, 711 (1972). Here appellant's offensive references to the judge were childish and unprofessional. However, because the references did not obstruct the administration of justice, the references clearly were not such as to justify a finding of direct summary criminal contempt.

Because the record does not support a conviction for contempt, we reverse the order of the trial court and discharge appellant.

Order reversed. Appellant discharged.