681 A.2d 181

Janet Susan Selden WILLIAMS, Appellee,

v.

Ronald K.M. WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted March 27, 1996.

Filed July 8, 1996.

Reargument Denied Sept. 18, 1996.

Ronald K.M. Williams, Philadelphia, pro se.

Mark Momjian, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA and MONTEMURO*, JJ.

MONTEMURO, Judge.

The Appellant, Ronald K.M. Williams, Esquire, appeals *pro se* from judgment of sentence for summary criminal contempt[1] entered in the Philadelphia Court of Common Pleas, Domestic Relations Branch (Braxton, J.). For the following reasons, we reverse judgment of sentence.

The facts and relevant procedure are as follows: Appellant and Janet S. Selden Williams, Esquire, are divorced. On November 27, 1993, the parties were engaged in a custody hearing concerning their son, R.W. During the hearing, Appellant, an attorney proceeding *pro se*, became upset when the trial court sustained an objection to one of his questions. At that time he remarked, "[h]e's such a fucking asshole", in reference to the trial judge. (N.T. 11/27/93 at 170). Mr. Momjian, Ms. Williams' attorney, alerted the court to the comment, and the trial judge called two witnesses to confirm what Appellant said. The trial court found Appellant guilty of

---

* Retired Justice assigned to Superior Court.

1. 42 Pa.C.S.A. § 4132(3).

summary criminal contempt, sentencing him to three days imprisonment, and this timely appeal followed.

Appellant raises the following questions for our consideration.

I. Did the lower court abuse its discretion when it convicted the Appellant of criminal contempt?

II. Did the lower court abuse its discretion when it convicted the Appellant of criminal contempt on insufficient evidence of such an offense?

III. Did the lower court err when it refused to recuse itself from the hearing on the criminal contempt?

IV. Did the lower court err by failing to provide Appellant due process rights before convicting Appellant of criminal contempt?

It is regrettable that our court's time must be spent considering a matter of this nature. Our system of justice requires that judicial proceedings be conducted with dignity and decorum that are conducive to a rational and dispassionate determination of the facts at issue. This is particularly important in a custody case where the outcome greatly affects the life of a child. Unfortunately, because of Appellant's conduct, this atmosphere was not maintained. Nevertheless, we are constrained to conclude that while Appellant's statement was insolent and reprehensible, it did not rise to the level of criminal contempt.

In Pennsylvania, trial courts have an inherent power to impose summary punishment for contempt of court. This power is, however, restricted by 42 Pa.C.S.A. § 4132, which provides in relevant part:

The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

. . . . .

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

56

 In order to sustain a direct criminal contempt citation, there must be proof of four elements beyond a reasonable doubt: 1) misconduct; 2) in the presence of the court; 3) committed with the intent to obstruct the proceedings; 4) which obstructs the administration of justice. *In re Adams,* 435 Pa.Super. 202, 206, 645 A.2d 269, 271 (1994), *alloc. denied,* 539 Pa. 686, 653 A.2d 1225 (1994) (*citing Commonwealth v. Martorano,* 387 Pa.Super. 79, 86–7, 563 A.2d 1193, 1197 (1989), *alloc. denied,* 529 Pa. 630 and 632, 600 A.2d 950 and 952 (1991)). When reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court's decision. *Id.* at 206, 645 A.2d at 271–2.

 Initially, we must determine whether the first element, misconduct, is present. Misconduct is behavior that is inappropriate to the role of the actor. *Adams,* 435 Pa.Super. at 207, 645 A.2d at 272 (*citing Commonwealth v. Garrison,* 478 Pa. 356, 372, 386 A.2d 971, 979 (1978)). Language such as that indulged in by Appellant in this instance is inappropriate and unacceptable behavior for an attorney or any other person handling business in a courtroom. Therefore, this element has been satisfied.

 The second element, that the misconduct occur in the presence of the trial judge, has also been fulfilled. While Appellant denies having made the remark in reference to the judge the evidence demonstrates otherwise, as Appellant's comment was recorded by the court reporter in the official transcript and overheard by opposing counsel and another witness. (N.T. 11/27/93 at 170–73).

 The third element is an intent for the misconduct to disrupt the proceedings. There is wrongful intent if the contemnor knows or should reasonably be aware that his conduct is wrongful. *Adams,* 435 Pa.Super. at 207, 645 A.2d at 272 (*citing Garrison,* 478 Pa. at 372, 386 A.2d at 979 (1978)). As a member of the bar, Appellant should have reasonably known that his conduct was wrongful. Accordingly, this third prong has been met.

 The final question we must consider is whether Appellant's remarks constituted an obstruction of justice. The courts of our Commonwealth have followed the United States Supreme Court and adopted a narrow definition of what constitutes an obstruction of justice. *Commonwealth v. Stevenson*, 482 Pa. 76, 95, 393 A.2d 386, 396 (1978) (Manderino, J., dissenting). Conduct is perceived to obstruct the administration of justice "when it *significantly* disrupts judicial proceedings" *Commonwealth v. Cameron*, 501 Pa. 572, 575, 462 A.2d 649, 650 (1983) [ (emphasis added) ] (*citing Matter of Campolongo*, 495 Pa. 627, 633, 435 A.2d 581, 584 (1981)). "[T]hat remarks are injudicious, an affront to the dignity or sensibility of the court or even disrespectful or insulting will not, without more, justify a conviction for summary criminal contempt." *Garrison*, 478 Pa. at 373, 386 A.2d at 979 (internal citations omitted).

Moreover, a mere affront to the trial judge is not sufficient to sustain a conviction for criminal contempt. Inappropriate and even ill-mannered conduct which does not obstruct or delay the trial falls short of the misbehavior punishable under 42 Pa.C.S. § 4132(3). *Moffatt by Moffatt v. Buano*, 391 Pa.Super. 1, 6, 569 A.2d 968, 970 (1990) (*citing Commonwealth v. Rubright*, 489 Pa. 356, 364, 414 A.2d 106, 110 (1980)).

 Appellant's comment in the present case did not obstruct the administration of justice. While there was a momentary break in the proceedings, the hearing resumed quickly. The entire incident encompassed just three and a half pages of hearing transcript out of three hundred and eighty one transcribed that day. (N.T. 11/27/93 at 170–173). After the trial court verified that the Appellant had made the statement, the custody hearing immediately recommenced. Such a transient delay is not an obstruction of justice.[2]

---

**2.** The trial court intimates that other misconduct played a part in Appellant's summary criminal contempt conviction. However, a review of the record reveals that the charge was based solely on Appellant's profane comment. At the hearing in question, Appellant was warned several times that his conduct was obstructing justice. However, all of these warnings took place after he had made the obscene remark and was found guilty of summary criminal contempt. (N.T.

58

Similar conduct in other cases has not been considered criminal contempt. *See Commonwealth v. Cameron,* 501 Pa. 572, 462 A.2d 649 (1983) (appellant's conduct of twice failing to rise when the trial judge entered the courtroom was insufficient to support a conviction for summary criminal contempt); *Commonwealth v. Rubright,* 489 Pa. 356, 414 A.2d 106 (1980) (appellant's derisive remarks toward the trial judge was not criminal contempt when they were momentary in nature and did not impede the progress of the hearing); *Commonwealth v. Garrison,* 478 Pa. 356, 386 A.2d 971 (1978)(defense attorney's objection to court's direction that defendant stand to be identified by a witness, and subsequent inquiry as to whether his client was to be "flagellated" in front of the jury deemed not sufficient to sustain a conviction for criminal contempt); *In re Johnson,* 467 Pa. 552, 359 A.2d 739 (1976) (attorney not in contempt when improper remarks during closing argument did not delay or disrupt trial); *McMillan v. Mountain Laurel Racing Inc.,* 467 Pa. 266, 356 A.2d 742 (1976) (attorney not in contempt for questioning court's ruling on cross examination where discussion was not lengthy); *Commonwealth v. Restifo,* 339 Pa.Super. 225, 488 A.2d 633 (1985) (attorney's attempt to place on record what he considered inappropriate remarks by the trial judge not contempt). In cases where a conviction for criminal contempt has been sustained there have generally been several instances of misconduct. *Commonwealth v. Owens,* 496 Pa. 16, 436 A.2d 129 (1981) (defendant repeatedly refused to behave in an orderly manner and interrupted Commonwealth's closing argument); *Commonwealth v. Reid,* 494 Pa. 201, 431 A.2d 218 (1981) (defendant's actions sufficient to sustain conviction for summary criminal contempt when he took off his clothes, sat before the court in socks and jockey shorts and persisted in arguing with the judge); *Commonwealth v. Snyder,* 443 Pa. 433, 275 A.2d 312 (1971) (defendant repeatedly interrupted the prosecutor's closing argument despite warnings from the court and refused to behave in an orderly manner); *Mayberry Appeal,* 434 Pa. 478, 255 A.2d 131

11/27/93 at 173). Accordingly, this conduct cannot be used to justify the Appellant's conviction of summary criminal contempt.

(1969), *vacated on other grounds,* 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) (appellant continually interrupted the proceedings and called the judge a "hatchet man for the state", "dirty S.O.B.", and a "dirty tyrannical old dog"); *In re Adams,* 435 Pa.Super. 202, 645 A.2d 269 (1994) (appellant's continued histrionics over a three day trial after several warnings from the trial judge was sufficient to sustain criminal contempt conviction). Appellant's single remark, however obnoxious, did not constitute an obstruction of the proceedings.

Moreover, Appellant's use of profanity is not dispositive as to whether his contempt conviction can be sustained. There is nothing to indicate that the use of profane language automatically makes a statement contemptuous.[3] As the Supreme Court stated:

'The vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.'

*In re Little,* 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708 (1972) (*quoting Craig v. Harney,* 331 U.S. 367, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947)).

In addition, "[j]udges are supposed to be [persons] of fortitude, able to thrive in a hearty climate. Trial courts ... must be on guard against confusing offenses to their sensibilities with obstructions to the administration of justice". *Moffatt,* 391 Pa.Super. at 6, 569 A.2d at 971 (*quoting Little,* 404 U.S. at 555, 92 S.Ct. at 660).

This case is similar to *Moffatt by Moffatt v. Buano, supra.* In *Moffatt,* the appellant, an attorney, was called to the

---

**3.** When considering a similar case, an appellate court in Florida stated: We do not hold that every profane utterance made in the courtroom is automatically contemptuous. By the same token, we do not hold that profanity is an essential ingredient to a conviction for contemptuous statements. The challenged statements must be viewed in the context in which they were made. *Martinez v. State,* 339 So.2d 1133, 1135 (Fla.Dist.Ct.App.1976).

judge's chambers. He asked why the judge wanted to see him when he had no matters pending before the court. He was told the matter would be explained in the courtroom. On the way to the courtroom, a court administrator overheard the appellant call the judge an "asshole". The judge was told of the remark, and he ordered the appellant to repeat it in the courtroom. When Appellant did so the judge held him in contempt of court.

Our court reversed the conviction for summary criminal contempt concluding that there was no obstruction of justice or intent to obstruct justice. The court reasoned that the judge's personal offense to the comment could not cause an improper remark to rise to the level of criminal contempt. The same reasoning is applicable here.

Appellant has engaged in behavior warranting firm disapproval and even possible disciplinary action. However, his conduct did not rise to the level of contempt. Attorneys have an obligation to respect the courtroom and those in it. The preamble to the Rules of Professional Conduct states: "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials." Rules of Professional Conduct, Preamble (1995).

An attorney may become frustrated when a judge sustains his adversary's objection, particularly in an atmosphere as emotionally charged as a custody hearing in which he is personally involved. Notwithstanding this frustration, an attorney may not resort to profanity to express his displeasure. When in court, an attorney has a responsibility to set an example for others.

For the foregoing reasons, we reverse the trial court's order.[4]

Judgment of sentence reversed.

CAVANAUGH, J., concurs in the result.

---

**4.** Due to our disposition of this issue, we need not reach the balance of Appellant's contentions.