COMMONWEALTH of Pennsylvania,
Appellee,

v.

Odell DEBOSE.

**Appeal of: Scott Reid, Esquire.**

Superior Court of Pennsylvania.

Argued May 21, 2003.
Filed Aug. 26, 2003.
Reargument Denied Oct. 23, 2003.

Bradley S. Bridge, Philadelphia, for appellant.

Michael Earlich, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: TODD, GRACI and TAMILIA, JJ.

TAMILIA, J.

¶ 1 On April 4, 2002, following a bench trial, Attorney Scott Reid was found in contempt of court [1] for failing to appear for trial on two separate occasions, February 13 and 14, 2002. Consequently, he was fined $250 for each unauthorized absence. We affirm in part and reverse in part.

¶ 2 Appellant was assigned by his employer, the Defender Association of Philadelphia, to represent Odell Debose before Judge Leslie Fleisher of the Court of Common Pleas of Philadelphia County. Appellant requested a continuance on three occasions, February 4th, 7th, and 10th, 2002; each request was granted. On February 11, 2002, the Commonwealth requested a continuance because it did not have a necessary witness. The trial court re-listed the case of Debose for February 13, 2002, and ordered appellant attached for that date. Appellant contends he explained to Judge Fleisher at the time of this continuance that on the 13th he would be in the courtroom next door before municipal court Judge Martin Bashoff but would appear when the cases in Judge Bashoff's courtroom were completed. He also contends he went to Judge Fleisher's courtroom the morning of the 13th and told the court crier he would be in Judge Bashoff's courtroom.

¶ 3 When appellant failed to appear as ordered, Judge Fleisher sent the crier to locate him. Appellant told the crier he had five or six more cases to try and was waiting to be called. The crier ultimately returned to inform appellant the case was continued to the following day, February 14, 2002. After finishing his cases before Judge Bashoff on the 13th, appellant called and told Judge Fleisher's secretary he was assigned to interview prisoners at a correctional facility on the 14th and would appear when he finished, which he hoped would be between 12:00 and 1:00 p.m. Appellant reiterated this information in a fax he sent to Judge Fleisher but which was not received because the judge's fax machine was malfunctioning.[2]

¶ 4 Between 10:00 and 11:00 a.m. on February 14th, during a prisoner interview, appellant received a phone call from a co-worker informing him Judge Fleisher was pursuing sanctions against him. He finished his interviews and upon returning to his office around 1:00 p.m., called Judge Fleisher's chambers but received no answer. Judge Fleisher had adjourned court at 12:50 p.m. that day because she was scheduled to perform weddings but was scheduled to reconvene at 2:00 p.m. Appellant then called the public defender assigned to Judge Fleisher's courtroom that day who allegedly told appellant court was adjourned for the day. Appellant called the judge's chambers again and allegedly was told by the secretary that she was unsure whether court was adjourned for the day. Appellant made no further attempts to appear that day.

¶ 5 A contempt hearing was held on February 15, 2002. Judge Fleisher initially found appellant guilty of indirect criminal contempt but on February 20, 2002, vacated her decision because it had been

---

1. 42. Pa.C.S.A. § 4132(2).

2. Judge Fleisher contends the absence of the fax had no bearing on her decision.

made without giving appellant an opportunity to present a defense. She then entered a rule to show cause as to why appellant should not be held in contempt. A new hearing was held on April 4, 2002, at which time appellant was found guilty of contempt for failure to appear on February 13th and 14th and, as previously indicated, was fined a total of $500. This timely appeal followed.

¶ 6 On appeal, appellant contends the evidence presented was insufficient to support a finding of guilt because he lacked the wrongful intent, intentional disobedience or intentional neglect he argues is necessary to support a conviction of criminal contempt. He also contends the trial judge abused her discretion by refusing to recuse where previously she had found appellant guilty of contempt and later vacated her own verdict because she had denied appellant an opportunity to testify or present a defense.

¶ 7 "When reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court's decision." *Williams v. Williams,* 452 Pa.Super. 52, 681 A.2d 181, 183 (1996), *affirmed,* 554 Pa. 465, 721 A.2d 1072 (1998).

▮ ¶ 8 Courts in this Commonwealth have the power to impose sanctions for contempt of court under three situations only, one of which is applicable here:

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

42 Pa.C.S.A. § 4132, **Attachment and summary punishment for contempts,** (2).

Under section 4132, it is beyond peradventure that prior to a finding of contempt, where an attorney fails to appear or appears late for a court proceeding set by court order, there must be a showing that the failure to show or appear tardy was intentional.

...[T]he minimum intent required to prove contempt is "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." However, this Court has established that direct (as well as subjective) intent is not necessary where a reckless disregard for the directions of the court can be proven.

*McCusker v. McCusker,* 428 Pa.Super. 506, 631 A.2d 645, 648–649 (1993), *appeal denied,* 539 Pa. 637, 650 A.2d 52 (1994) (citations omitted).

¶ 9 Appellant relies upon *Commonwealth v. Giordano,* 254 Pa.Super. 543, 386 A.2d 83 (1978) (*en banc*), in which this Court held an attorney was not in contempt who failed to appear without advance notice for his client's trial and for multiple scheduled contempt hearings due to conflicting court commitments. Since appellant in this case provided advance notice of his conflicts with regard to February 13th, and contacted the court when he became available, he contends his conviction for contempt was erroneous.[3]

---

**3.** Appellee attempts to distinguish *Commonwealth v. Giordano,* 254 Pa.Super. 543, 386 A.2d 83 (1978) (*en banc*), by stating the trial court in *Giordano* was notified of the attorney's conflicting commitments by the judges hearing them. This distinction is not significant since the *Giordano* Court made clear an attorney is not obligated to give prior notice of an inability to appear due to conflicting court commitments, but should. Failure to do so is discourteous and disrespectful but not in itself contemptuous. *Id.,* at 85–86. Appellee also attempts to distinguish *Giordano* by stating there was no evidence the attorney in that case had been attached by the court. In *Giordano,* however, with regard to one of the appellant's failures to appear, the judge threatened to send a sheriff for him. *Id.,* at 84. We, therefore, reject these distinctions.

¶ 10 A few years after *Giordano,* the Pennsylvania Supreme Court in *Matter of Ring,* 492 Pa. 407, 424 A.2d 1255 (1981), held an attorney who had conflicting in-court commitments, and who timely notified the court of his inability to meet his commitment could not be held in contempt for failing to appear. Both *Giordano* and *Ring* hold an attorney's noncompliance with a court order is alone insufficient for a finding of the requisite wrongful intent. Intent, however, is a fact-specific inquiry. While advance notice is not required according to *Giordano,* whether an attorney provides advance notice of his inability to appear due to conflicting court commitments has bearing on the issue of wrongful intent.

¶ 11 Our review of the facts in this case reveals appellant did not have the requisite intentional disobedience or intentional neglect with regard to his failure to appear on February 13th. On February 11th, at the Commonwealth's request, the case was continued until February 13th. Appellant testified that at that time, he notified Judge Fleisher he had multiple cases pending before a municipal court judge on the 13th but would appear when those cases were finished. N.T., Contempt Hearing, 4/4/2002, at 42–43. Appellant testified that on the morning of the 13th, he went to Judge Fleisher's courtroom and told the crier he would be trying cases before Judge Bashoff in the courtroom next door. *Id.,* at 43–44. The crier located him next door later that morning at which point appellant stated he had five or six cases remaining. *Id.,* at 15–17. Ultimately, the crier told appellant the case was continued to the 14th. *Id.*

¶ 12 Because we find appellant had conflicting in-court commitments and provided Judge Fleisher with timely and sufficient notice of them, we vacate appellant's contempt conviction for February 13, 2002.

¶ 13 We find, however, appellant's conduct with regard to February 14th evidences the requisite intent for a contempt conviction. Appellant reasonably should have known his decision to conduct prisoner interviews rather than appearing before Judge Fleisher was objectionable to the point of being neglectful of a higher duty. At a minimum appellant's conduct was wrongful and evidenced reckless disregard for the directions of the court. Appellant could have rescheduled the prisoner interviews or found a co-worker to substitute for him. In contrast to the prisoner interviews, the case of *Commonwealth v. Debose* had been continued multiple times at appellant's request, causing inconvenience to witnesses and unnecessary expense to the Commonwealth. His appearance before Judge Fleisher on February 14th should have taken priority over prisoner interviews. Accordingly, we affirm appellant's contempt conviction for February 14th.

¶ 14 Finally, we address appellant's argument Judge Fleisher abused her discretion by failing to recuse after previously having found appellant guilty of the contempt charges and subsequently vacating the convictions. "In general, a judge before whom contemptuous conduct occurs has the power to impose punishment for such conduct and appropriate sanctions without recusing himself. However, recusal is required if there is a running, bitter controversy between the judge and offender." *In re Adams,* 435 Pa.Super. 202, 645 A.2d 269, 272–273 (1994), *appeal denied,* 539 Pa. 686, 653 A.2d 1225 (1994) (citations omitted). Appellant does not allege and the record is devoid of any evidence of a running or bitter controversy between Judge Fleisher and appellant.

¶ 15 Appellant analogizes this case to those in which an accused withdraws a

guilty plea prior to a bench trial.[4] The concern in those cases is a judge with knowledge of a withdrawn guilty plea will not be impartial. *See e.g. Commonwealth v. Simmons*, 335 Pa.Super. 57, 483 A.2d 953 (1984). Likewise, appellant questions Judge Fleisher's impartiality based upon her previous guilty verdict. Appellant's brief at 25. As articulated above, a judge has the power to sanction contemptuous conduct that has occurred before her absent a running and bitter controversy. *Adams, supra.* We adhere to this standard and, since we find no evidence of a running or bitter controversy between appellant and Judge Fleisher that would indicate an inability for Judge Fleisher to be impartial, we reject this challenge.[5]

¶ 16 Judgment of sentence vacated as to February 13, 2002; judgment of sentence affirmed as to February 14, 2002.

---

**4.** *See e.g. Commonwealth v. Simmons*, 335 Pa.Super. 57, 483 A.2d 953 (1984) (holding trial court erred by denying a recusal request where accused withdrew guilty plea prior to bench trial since the trial judge could not be impartial after defendant divulged prejudicial information), and *Commonwealth v. Badger*, 482 Pa. 240, 393 A.2d 642 (1978), *overruled on other grounds, Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) (holding counsel was ineffective for not requesting re-

cusal where accused withdrew guilty plea prior to bench trial since a new trial with a judge, who was unaware of the guilty plea, offered a greater chance of success).

**5.** Moreover, Judge Fleisher stated she did not feel it was necessary to recuse because she felt able to be impartial. Trial court Opinion, 9/5/2002, at 4.