## Commonwealth v. Cluck

C.P. of Centre County, no. CP-14-CR-1714-2006.

*Steven Sloane,* for Commonwealth.
*Bruce Manchester,* for defendant.

LUNSFORD, *J.,* March 9, 2007—Before the court is defendant Justin Cluck's motion for finding of contempt and sanctions. The motion is based primarily on assistant district attorney Stephen Sloane's alleged neglect of professional duties in seeking postponement of a trial in this matter. The court determines that while Attorney Sloane may have engaged in conduct that creates an appearance of impropriety, he did not act with the wrongful intent required for a finding of contempt and imposition of sanctions.

## BACKGROUND

The pertinent facts are as follows. Defendant, charged with rape, was scheduled to be tried by jury on Friday, March 2, 2007. On Thursday, March 1, 2007, the Commonwealth requested a continuance, due to the fact that Attorney Sloane was ill and was being treated at Geisinger Family Practice Center. The court granted the continuance, and the trial was postponed.

On the evening of Thursday, March 1, Attorney Sloane, a candidate for the position of common pleas judge, attended a public dinner function and gave a speech before hundreds of people. Defense counsel also attended the function, prompting him to file this motion the fol-

lowing day, March 2. In the motion, defense counsel argues Attorney Sloane deliberately misled the court by having the trial postponed due to illness when he was well enough to attend the dinner. Defense counsel seeks sanctions and dismissal of the charges against his client.

A hearing on the motion was scheduled for Tuesday, March 6, 2007. At the hearing, Attorney Sloane argued vehemently that he violated no duty in seeking postponement of the trial. He provided evidence that he had been too ill to withstand the rigors of prosecuting a rape case, but not to attend a dinner and make a short speech. Specifically, he presented a letter from his health care provider at Geisinger. The letter indicates that he was suffering from bronchitis and laryngitis on Thursday, March 1 and was medically unfit to proceed with the trial. The letter further indicates that he was free to attend a dinner, if he was able to keep his talking to a minimum. He defended his attendance at the dinner Thursday night, as well as campaigning activities he engaged in over the weekend, as both doctor-approved and less physically taxing than trial. He emphasized that he felt an obligation to the victim in this case to handle the prosecution himself and to do so when in good health.

## DISCUSSION

The question for the court's determination is whether Attorney Sloane's conduct in rescheduling the rape trial due to his illness, then engaging in other community activities, is contemptuous. Pursuant to 42 Pa.C.S. §4132(2), courts may impose contempt sanctions for "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court." An

attorney who fails to meet court commitments may be found in contempt under section 4132(2) only if he acted with wrongful intent. See *e.g., Commonwealth v. Debose,* 833 A.2d 147 (Pa. Super. 2003).

The court is satisfied that Attorney Sloane did not act with any wrongful intent. While his decision to attend the dinner and engage in campaigning over the weekend certainly could be viewed as objectionable in the eyes of reasonable citizens, the court is convinced that his intentions were, in fact, sincere. There is no doubt that Attorney Sloane was quite ill at the times in question and even at the contempt hearing. There is also no doubt that he was advised by his health care provider that he was not well enough to withstand the physical demands of a full-day trial but that he was free to attend less taxing events that required minimal speaking. Attorney Sloane had an ethical duty to defer to that health care directive. See Pa.R.P.C. 1.1 (requiring attorneys to provide competent representation).

Attorney Sloane is a man of good character who has served the Centre County court system dutifully for many years. The court believes that he made a good faith, albeit perhaps not good, decision to postpone the trial but follow through on other less demanding commitments. Accordingly, there is no legal basis for a finding of contempt, and the court denies the motion.

## ORDER

And now, March 9, 2007, upon consideration of defendant Justin Cluck's motion for finding of contempt and sanctions, the motion is hereby denied.