J-S39041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDDIE RAY GRAY, | : | |
| | : | |
| Appellant | : | No. 213 WDA 2017 |

Appeal from the Order January 24, 2017
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000080-2013

BEFORE:   BENDER, P.J.E., BOWES, and STRASSBURGER[*], JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 18, 2017**

Eddie Ray Gray (Appellant) appeals from the January 24, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 2, 2012, Appellant, then an inmate of the Warren County Jail, disarmed and assaulted a corrections officer with the officer's own Taser. He then fled the scene and hid in the prison's laundry. As a result, he was charged with multiple offenses, including aggravated assault, possession of an instrument of crime, and escape.  Following a jury trial, Appellant was found guilty of the aforementioned offenses and, on August 16, 2013, he was sentenced to an aggregate term of 15 years and two months of incarceration to 30 years and four months of incarceration.  This

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court affirmed Appellant's judgment of sentence on November 18, 2014. *Commonwealth v. Gray*, 113 A.3d 352 (Pa. Super. 2014) (unpublished memoranda). Appellant did not seek review by our Supreme Court.

On November 17, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and an amended petition was filed. On January 24, 2017, the PCRA court held a hearing on Appellant's PCRA claims. Following the hearing, the court denied Appellant's petition. This timely-filed appeal followed. Both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises five issues for our review.

[1.] Whether the [PCRA] court erred in not finding trial counsel to be ineffective when counsel failed to have [] Appellant evaluated to determine whether Appellant's mental health issues should have been raised under an insanity defense?

[2.] Whether the [PCRA] court erred in not finding trial counsel to be ineffective when counsel failed to raise on direct appeal the trial court's refusal to allow trial counsel to withdraw from representation of [] Appellant when both trial counsel and [] Appellant requested the court to do so?

[3.] Whether the [PCRA] court erred in not finding trial counsel to be ineffective when counsel failed to raise on direct appeal the judge's refusal to recuse himself from [] Appellant's case when the trial judge had recused himself on another matter for which [] Appellant was on trial for threatening various [government] officials including the president judge of the Warren County Court of Common Pleas?

[4.] Whether the [PCRA] court erred in not finding trial counsel to be ineffective when counsel failed to raise on direct appeal the trial court's refusal to move [] Appellant's trial outside of Warren County and/or have a jury pool from outside of Warren County brought in to hear [] Appellant's matter since [] Appellant had

been convicted of threatening various [government] officials including the president judge of the Warren County Court of Common Pleas?

[5.] Whether the trial court erred in not finding the jury was prejudiced by a jury instruction that stated the underlying crime [] Appellant had been incarcerated for under the charge of criminal attempt/escape as being the crime of "retaliation against prosecutor or judicial official and the crime of retaliation against witness or victim" when it was agreed not to include the underlying crime in the instruction?

Appellant's Brief at 2-3 (unnecessary capitalization and PCRA court answers omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

In his first four issues on appeal, Appellant contends that trial counsel was ineffective. Appellant's Brief at 14-26. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes

prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008).

In his first issue, Appellant argues that counsel was ineffective for failing to explore the possibility of an insanity defense at trial. Appellant's Brief at 14-18. Specifically, Appellant argues that counsel "failed to investigate how [his] mental health condition would have been affected by the removal of his medications," despite being obligated to determine if Appellant's mental capacity prevented him from forming the *mens rea* necessary to commit the crimes for which he was convicted. *Id.* at 15.

"[U]nder Pennsylvania law, mental illness is not a defense to criminal liability unless the mental illness rises to the level of legal insanity under [subs]ection 314(c)(2)." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1264 (Pa. Super. 2017). Legal insanity is established if, "[a]t the time of the commission of the act, the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if he did know it, that he did not know he was doing what was wrong." 18 Pa.C.S § 314(c)(2). After hearing the testimony presented at the evidentiary hearing, the PCRA court rejected Appellant's claim, explaining as follows.

The evidence presented with respect to Appellant's insanity was that he carried a number of mental health diagnoses, and that for some period of time from late August to early September he was withheld two medications, one of which appears to be a sleep medication, and the other, a medication that Appellant could not identify the reason for which he takes it. No expert testimony from a doctor or psychiatrist was presented to create a link between [] Appellant's state of mind on September 2nd and the withholding of his medications. [] Appellant's own testimony and layperson diagnosis does not meet the burden of persuasion [under the] PCRA that an insanity defense would have been available and appropriate. Trial counsel cannot be held to be ineffective for failure to investigate and present a meritless defense.

Further, based upon his testimony at the PCRA hearing [] Appellant had a clear memory and understanding of the events that led to the present charges as well as his motivation for his conduct. [] Appellant testified that he was simply seeking his medications and did not assault any of the corrections officers or deploy a [T]aser upon them. While he did not testify at the time of his trial, clearly this type of defense - that [] Appellant did not commit any of the alleged acts - would not be consistent with an insanity defense. Also, Appellant testified that he took the witness stand to testify at his previous trial regarding the threats to the judicial officers, just a few days prior to the incident that led to these charges, further negating any assertion of insanity. It should also be noted that PCRA counsel did not call trial counsel as a witness to explore what the trial strategy may have been with respect to many of the assertions of ineffectiveness, including counsel's failure to pursue an insanity defense. [] Appellant has failed in his burden with respect to all three prongs of the ineffectiveness claim.

PCRA Court Opinion, 2/14/2017, at 4-5.

In **Commonwealth v. Smith**, 17 A.3d 873, 901 (Pa. 2011), our

Supreme Court examined a claim similar to Appellant's. In rejecting Smith's

ineffective-assistance-of-counsel argument, the Court explained as follows.

A defense of insanity acknowledges commission of the act by the defendant, while maintaining the absence of legal

- 5 -

culpability. **Where a defendant has testified at trial and has denied committing a crime, this Court has declined to deem counsel ineffective for failing to present a defense that would have been in conflict with his client's own testimony.** Here, [a]ppellant did not admit to committing the act. Rather, he testified in his defense at trial that he did not participate in the crime and was not even near the crime scene at the time of the murder. Indeed, he continues to maintain his innocence to this Court. As [a]ppellant specifically denied having committed the offenses, under this Court's precedent, counsel cannot be held ineffective for failing to present an inconsistent defense.

*Smith*, 17 A.3d at 901 (emphasis added; citations and footnotes omitted).

As in *Smith*, Appellant's first argument fails due to his own testimony at the PCRA hearing, which did not meet the required threshold to establish the viability of an insanity defense. Appellant did not present at the PCRA hearing either expert testimony or any evidence of his mental health diagnosis at the time of the assault, and he was unable to explain the correlation of the withheld medications to that diagnosis. Furthermore, by not calling trial counsel to testify at the hearing, Appellant failed to meet his burden of proving that counsel did not have a reasonable basis for his rejection of an insanity defense. Accordingly, we agree with the PCRA court that Appellant is not entitled to relief.

In his second claim of error, Appellant argues that trial counsel, who represented Appellant on direct appeal, was ineffective for failing to raise on direct appeal a challenge to the court's refusal to allow counsel to withdraw prior to trial. Appellant's Brief at 18-20. Specifically, Appellant argues that he "had a viable claim as to having new counsel appointed in that [he] was

well aware that counsel was not investigating his matter and most importantly that he was not employing a mental health professional to discuss the possibility that with [] Appellant not receiving any medication for his bipolar issue that he would not have been able to form the *mens rea* of his crimes." ***Id.*** at 20.

> To prevail on a claim of appellate counsel ineffectiveness for failure to raise an allegation of trial counsel ineffectiveness on direct appeal, a PCRA petitioner must present a "layered" claim by presenting argument as to each of the three prongs of the [ineffective assistance of counsel] test for each layer of allegedly ineffective representation. To demonstrate the arguable merit prong of a derivative claim of appellate counsel ineffectiveness, the petitioner must prove that trial counsel was ineffective under the three-prong [ineffective assistance of counsel] standard. If the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, petitioner's derivative claim of appellate counsel ineffectiveness fails.

***Commonwealth v. Busanet,*** 54 A.3d 35, 46 (Pa. 2012) (citations and footnotes omitted).

Appellant's layered claim fails, for a number of reasons. As the PCRA court explained, "[i]t is clear that [] Appellant had the right to free counsel …. However, an indigent criminal defendant does not enjoy the unbridled right to be represented by counsel of his own choosing." PCRA Court Opinion, 2/14/2017, at 6 (quotation marks omitted). Rather, "a motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P. 122(c). "To satisfy this standard, a defendant must demonstrate that he has an irreconcilable difference with counsel that precludes counsel from

representing him. The decision of whether to appoint new counsel lies within the sound discretion of the trial court." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1070 (Pa. 2012).

Here, the record indicates that, two days before Appellant's preliminary hearing, counsel filed a motion which included a request to withdraw as counsel and have out-of-county counsel appointed to represent Appellant. In support of this motion, counsel indicated that "based on his prior encounters with the criminal court system in Warren County, [Appellant] does not feel comfortable with locally appointed counsel." Motion, 2/25/2013. The court denied the motion. In its opinion, the PCRA court held that Appellant's assertions "that trial counsel could not effectively represent him because he is from Warren County and had lost confidence in him does not qualify as a substantial reason" under Rule 122(c). PCRA Court Opinion, 2/14/2017, at 6. We find no abuse of discretion on the part of the trial court and reiterate that counsel cannot be ineffective for failing to raise a meritless claim.

Moreover, despite his claims on appeal that he wished for new counsel because his trial attorney failed to investigate the matter or hire an expert to testify as to his mental health, at the PCRA hearing, Appellant gave only two reasons for wanting new counsel: (1) his attorney's "attitude toward the case," stating that he felt as though counsel "didn't want to" represent him and (2) that counsel "never really discussed the case" with him. N.T.,

1/24/2017, at 20-19. Simply put, the bases for which Appellant now contends he wanted new trial counsel were not raised or developed prior to or during the PCRA hearing. Moreover, as with his first issue, Appellant failed to call trial counsel to testify as to this issue and is unable to establish counsel's reasonable basis for declining to include this issue on appeal. For all of the forgoing reasons, Appellant's claim fails.

In this third issue, Appellant claims that counsel was ineffective for failing to raise on direct appeal a challenge to the trial court's denial of his motion to recuse. Specifically, Appellant contends that there was "an appearance of bias and prejudice" in the court's refusal to recuse in light of the fact that the presiding judge had granted a separate motion to recuse on a previous, unrelated case where Appellant was tried, and later convicted, of threatening Warren County government officials. Appellant's Brief at 20-22.

The standard for recusal is well-settled:

> It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner.... The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

Furthermore, **[a]ny tribunal permitted to try cases and controversies must not only be unbiased but must avoid even the appearance of bias. There is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings.**

*Commonwealth v. White*, 910 A.2d 648, 657 (Pa. 2006) (citations and quotation marks omitted; emphasis added).

Appellant focuses his argument on the appearance of impropriety due to the presiding judge's prior recusal. "It has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial evidence in reaching a verdict." *Commonwealth v. Irwin*, 579 A.2d 955, 957 (Pa. Super. 1990). Additionally, and significantly here, our Supreme Court has stated, "[a] jurist's former affiliation, alone, is not grounds for disqualification." *Commonwealth v. Abu–Jamal*, 720 A.2d 79, 90 (Pa. 1998). *Compare Commonwealth v. Debose*, 833 A.2d 147, 150 (Pa. Super. 2003) (holding that "recusal is required if there is a running, bitter controversy between the judge and offender."). As the PCRA court explained "[t]he judges and other judicial officers who were victims of the first case were not victims or witnesses in the present matter," thus, recusal was not necessary as there was no appearance of impropriety. PCRA Court Opinion, 2/14/2017, at 7. We agree. Appellant's argument, that a judge once recused must always recuse, without more, does not warrant reversal in this instance. Accordingly, Appellant has failed to meet his burden of proof and counsel cannot be deemed ineffective.

In his fourth issue, Appellant argues that counsel was ineffective for failing to challenge on direct appeal the trial court's denial of his motion for change of venue or change of *venire*. Appellant's Brief at 22-24.

> A request for a change of venue or *venire* is addressed to the sound discretion of the trial court, which is in the best position to assess the atmosphere of the community and to judge the necessity of the requested change. Absent an abuse of discretion, the trial court's decision will not be disturbed.

> A change of venue becomes necessary when the trial court determines that a fair and impartial jury cannot be selected in the county in which the crime occurred. … Ordinarily, however, a defendant is not entitled to a change of venue unless he or she can show that pre-trial publicity resulted in actual prejudice that prevented the impaneling of an impartial jury. The mere existence of pre-trial publicity does not warrant a presumption of prejudice.

> There is an exception to the requirement that the defendant demonstrate actual prejudice. Pre-trial publicity will be presumed to have been prejudicial if the defendant is able to prove that the publicity was sensational, inflammatory, and slanted toward conviction, rather than factual or objective; that such publicity revealed the defendant's prior criminal record, if any, or referred to confessions, admissions, or reenactments of the crime by the defendant; or that it was derived from official police and prosecutorial reports. Even if the defendant proves the existence of one or more of these circumstances, a change of venue or *venire* is not warranted unless he or she also shows that the pre-trial publicity was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated.

***Commonwealth v. Chmiel***, 30 A.3d 1111, 1152–53 (Pa. 2011) (citations omitted).

In rejecting Appellant's claim, the PCRA court noted that

[f]or whatever reason, PCRA counsel did not request that the transcript of Appellant's *voir dire* proceeding be prepared to be part of the record at the PCRA record. As the appellate cases indicate, this is the venue at which any potential juror knowledge of pre-trial publicity, let alone bias resulting therefrom, can be ascertained. Appellant did not even bother to review that transcript. The only reference to the *voir dire* [in Appellant's PCRA petition] was the trial court's comments to counsel during the pre-trial conference that the court was surprised nobody knew who the Appellant was.

In addition, Appellant did not introduce any evidence of the alleged pre-trial publicity. No copies of newspaper articles or broadcast accounts of either the initial trial involving the threats against the judicial officers or the present case were introduced into the record at the PCRA proceeding. Appellant has failed to prove the existence of any adverse pre-trial publicity, the nature of that publicity, the date or dates of the publicity, or that any of the selected jurors was even aware of any such publicity. Clearly the Appellant has failed to meet his burden of proof.

PCRA Court Opinion, 2/14/2017, at 9.

We agree with the court's assessment. Appellant has failed to meet his burden of proving his underlying issue of trial counsel ineffectiveness; thus, appellate counsel could not have been ineffective for failing to raise this issue on direct appeal. ***Busanet,*** 54 A.3d at 46.

Appellant's final issue concerns a jury instruction on the charge of criminal attempt to commit escape. Appellant's Brief at 24-26. Appellant argues that, despite an agreement between the parties for the court to omit the portion of the escape instruction that specified why Appellant was being held in the Warren County Jail at the time of this incident, the trial court permitted to go out with the jury a written instruction that detailed the reason for Appellant's incarceration. ***Id.*** However, Appellant concedes that

the court gave an edited instruction and stipulation during its charge, and further admits that he does not have a copy of any written instructions given to the jury. *Id.* at 25-26. Nonetheless, he argues that "a possibility does exist that the jury was given the instruction which stated the charge the Appellant was incarcerated for," thus, the trial court erred in denying his request for a new trial. *Id.* Notably, Appellant does not couch this claim as one of ineffective assistance of counsel; rather, he argues that the trial court erred in the first instance. Because such a claim could have been raised on direct appeal, and was not, it is waived. **See** 42 Pa.C.S. § 9544 (b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

For all of the forgoing reasons, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017

- 13 -