**Rhonda L. CHRYSCZANAVICZ,
Appellee,**

v.

**David M. CHRYSCZANAVICZ,
Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2002.

Filed April 5, 2002.

Rhonda L. Chrysczanavicz, appellant, pro se.

Vincent M. Vangrossi, Norristown, for appellee.

Before McEWEN, P.J.E., LALLY–GREEN and BENDER, JJ.

BENDER, J.

█ ¶ 1 Rhonda L. Chrysczanavicz (Mother) appeals *pro se* from an order of the Court of Common Pleas of Montgomery County that dismissed her contempt petition [1] against David M. Chrysczanavicz (Father) that alleged that Father had not complied with two court orders, requiring him to secure medical coverage for the parties' minor child.[2] We vacate the order and remand the matter for an evidentiary hearing.

¶ 2 On October 24, 2000, the parties entered into a stipulation and order of court that required Father to provide medical insurance for the parties' minor child. The order further required that payment for any unreimbursed medial bills be divided between the parties with Father responsible for 80% and Mother responsible for 20%.

¶ 3 On May 3, 2001, Mother filed a contempt petition, alleging that Father had failed to pay child support and provide medical coverage as required by the October 24, 2000 order. At an attachment conference, held on June 12, 2001, Father paid arrearages in full, and acknowledged that in January of 2001 he had changed his medical insurance coverage from NASE to Physicians Mutual without notice to Mother.[3] He also indicated that he attempted to enroll in the CHIP program, but that

---

1. An order denying a petition for contempt is appealable. *Flannery v. Iberti,* 763 A.2d 927 (Pa.Super.2000).

2. Father did not file a brief with this Court.

3. Father is a self-employed building contractor and is not covered by any employer sponsored medical insurance plan.

the amount he earns made him ineligible. Father was ordered to have the minor child placed on his policy and provide insurance policy information and cards.

¶ 4 At a scheduled conference on June 29, 2001, Father provided insurance cards. However, a phone call to the insurance company during the conference revealed that the policy only covered hospital confinement and was not a major medical type of plan. Mother contended that the policy was insufficient in that it did not cover sickness without hospitalization or well visits to the pediatrician. On the same day, the parties were to appear before Judge Rhonda Lee Daniele, but Father failed to appear and the court issued a bench warrant for his arrest.

¶ 5 The next hearing in this matter was held on July 5, 2001 before Judge Daniele. At that hearing, Father's attorney represented to the court that the NACE policy had included major medical coverage. Recognizing that the new policy only covered hospitalization, Judge Daniele ordered Father to upgrade the medical coverage for the child by August 6, 2001, to at least the coverage provided under the original NACE plan. However, Father failed to appear on August 6th and the court again issued a warrant for his arrest.

¶ 6 The next proceeding occurred on August 15, 2001 as a result of Father's arrest. Because it was not a scheduled hearing, Mother was not adequately notified and, therefore, did not attend. Another judge presided and discussed the medical insurance issue with Father, Father's attorney and a hearing officer. Following the discussion on the record, the court found that although Father upgraded the hospital confinement policy, it did not cover doctor visits. However, the court relied on Father's unsworn answers elicited by the court on August 15th and Father's testimony from the July 5th hearing that the original NACE policy had not covered doctor visits and that these charges were paid "out-of-pocket" by Father. The court also noted that Father's attorney represented, in response to a question from the court, that the present policy complied with Judge Daniele's order. Based on this exchange, the court held that "it was satisfied that [Father's] medical insurance coverage did not place him in contempt of Judge Daniele's orders of October 24, 2000 and July 5, 2001." Trial Court Opinion, 10/16/01, at 3. Therefore, the court dismissed Mother's contempt petition.

¶ 7 Mother now appeals to this Court and queries "[w]hen a child support order requires a party to provide medical insurance for the subject child, is the requirement met by the purchase of a policy that covers hospital confinement?" Mother's Brief, at 3. Essentially, Mother argues that the upgraded insurance policy provided to the court, but not entered into evidence at the August 15th proceeding, provides hospital confinement benefits only and is inadequate when compared with the requirements of 23 Pa.C.S. § 4326.[4] Additionally, Mother points out that the court relied on statements from Father and Father's attorney, when neither was under oath.

¶ 8 In reviewing contempt orders, we are mindful that "[w]e are limited to determining whether the trial court committed a clear abuse of discretion." *Garr v. Peters*, 773 A.2d 183, 189 (Pa.Super.2001) (citations and quotation marks omitted). Moreover, "much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determi-

4. Section 4326 sets forth the requirements for the mandatory inclusion of child medical support in all orders either establishing or modifying child support.

nation of whether the facts support the trial court's decision." *Williams v. Williams*, 452 Pa.Super. 52, 681 A.2d 181, 183 (1996), *aff'd*, 554 Pa. 465, 721 A.2d 1072 (1998). Also in civil contempt proceedings "[t]he complaining party has the burden of proving by a preponderance of the evidence that a party violated a court order." *Id.* (quoting *Sinaiko v. Sinaiko*, 445 Pa.Super. 56, 664 A.2d 1005, 1009 (1995)).

¶ 9 Keeping the above stated law in mind, we are troubled by what occurred in this case for two reasons. Initially, we note that Mother was not present at the hearing on August 15, 2001. In her brief she indicates that in light of Father's arrest, a message was left on her answering machine notifying her that the hearing on her contempt petition would take place on that day. We conclude that Mother was not provided with sufficient notice so that she could be present to testify and attempt to carry her burden of proving that Father was in contempt of the court orders.

¶ 10 Second, the entire "hearing" was simply a discussion between the court, Father, Father's attorney and a hearing officer. No testimony appears of record. No one spoke under oath. No one present advanced Mother's position. In fact, the transcript does not reveal that the upgraded medical insurance policy was entered into evidence.[5] Nor does the record contain any information regarding the original NACE insurance policy so that the new and old policies could have been compared. Thus, we conclude that the trial court's decision is not supported by facts of record.

¶ 11 We are also aware that the five elements deemed essential to a civil contempt adjudication are: "(1) a rule to show cause why attachment should issue; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication." *Cahalin v. Goodman*, 280 Pa.Super. 228, 421 A.2d 696, 698 (1980). Most often a party relies on these elements as a basis for their arguments following a finding that he or she is in contempt. However, the same essential elements protect the complaining party so that he or she may be heard.

¶ 12 Mother's rights here were compromised by the failure of sufficient notice and by the dismissal of her petition without a hearing. Making a determination based on a record where no testimony was taken and no evidence entered, is a clear abuse of discretion. *See Frasch v. Frasch*, 348 Pa.Super. 149, 501 A.2d 691 (1985) (although both parties and their counsel were present, the trial court improperly vacated a spousal support order without taking testimony). Because we find the record insufficient to support the court's order, we vacate that order and remand the matter for an evidentiary hearing on the contempt petition.

¶ 13 Order **VACATED**. Case **REMANDED** for evidentiary hearing. Jurisdiction relinquished.

---

5. A letter, dated August 15, 2001, from Mark Culp, a customer service representative from Physicians Mutual Insurance Company, purports to outline the policy secured by Father. It is part of the certified record, but only because it is attached to Mother's Motion for Reconsideration filed in the Court of Common Pleas.