# McClymonds v. McClymonds

C.P. of Lawrence County, nos. 10547 of 2009, C.A. and 251 of 2009, D.R.

*Greg S. Fox*, for plaintiff.

*Sally R. Miller* and *Chrystal C. Tinstman*, for defendant.

HODGE, *J.*, December 21, 2010—This case was before the court on September 3, 2010 for a complex support hearing and a hearing on a petition for contempt filed on behalf of the plaintiff, Robert G. McClymonds (hereinafter "husband").

The parties have been married since November 18, 1961. However, on April 3, 2009, husband filed a complaint in divorce, alleging that the marriage was irretrievably broken. Subsequent to the complaint in divorce being filed, the defendant, Janice L. McClymonds (hereinafter "wife"), filed a petition raising economic claims, which specifically requested this court to: 1) effectuate an equitable distribution of marital property, pursuant to 23 Pa.C.S.A. §3502; 2) enter an award of spousal support and/ or alimony pendent elite; 3) enter an award of alimony;

4) require husband to maintain all insurance contracts/ policies for the benefit of wife and the parties' children; 5) grant wife exclusive possession of the marital residence; and 6) require husband to reimburse wife for any attorney's fees incurred as a result of the ongoing litigation.

On May 12, 2009, the domestic relations section of Lawrence County determined that husband pay wife monthly support in the amount of $1,044.40 and that the total arrearages due, equaling $569.79 were due immediately. Thereafter, on January 7, 2010, husband filed a motion to modify support order in which husband requested to receive credit towards his support obligation for making several payments on the home equity loan. This court issued a rule to show cause why the support order dated May 12, 2009 should not be modified to provide that if husband makes the home equity payments, then he shall receive a credit towards his support obligation. Wife was required to answer by rule returnable within 20 days of service.

On March 4, 2010 wife also filed a motion to modify support order, claiming she was entitled to an increase in support as husband's income had increased and requesting that the domestic relations section also address the mortgage and order expenses in the support order. Husband responded on March 8, 2010 by filing a petition for contempt alleging that wife failed to modify the support order. A hearing was scheduled for March 31, 2010 on husband's petition for contempt.

Shortly thereafter, on March 16, 2010 wife filed a motion to declare case complex, which this court granted

and rescheduled a hearing for June 11, 2010. Wife also filed a petition to invade marital assets to protect the marital estate. In her petition, wife alleged that the support order entered on May 12, 2009 failed to include income earned by husband in a machine shop that he operated in the garage of the marital property. Wife additionally requested this court to permit her to use marital funds to pay for property taxes and homeowner's insurance, for an appraisal of the aforementioned machine shop and remaining marital property, and to generally maintain the marital property until a final equitable resolution. This court granted wife's requests, in part, by allowing marital funds to pay for appraisals and listing the marital residence for sale. A conciliation conference was also scheduled for May 3, 2010.

The conciliation conference took place as scheduled, whereby the parties agreed that marital funds pay the property taxes on the marital residence and that that said expense would be credited to wife at the time of equitable distribution. The remaining issues are of whether or not marital funds should be used: 1) to pay homeowner's insurance; 2) to maintain the marital residence; 3) for snow removal; and 4) to repair a mobile home located on the marital property so that it may be rented and generate income.

At the request of the parties, the above stated issues as well as husband's petition for contempt were consolidated and eventually heard before this court on August 3, 2010.

The first issue before the court for disposition is husband's petition for contempt. In his petition for

contempt, husband is seeking to have any payments he personally made towards the parties' home equitable loan be credited to him, as wife has failed since April of 2009 to make said payments. The May 12, 2009 support order required wife to make the home equity loan payments, however, wife was unable to so husband has assumed the responsibility of making the payment to avoid threats of foreclosure on the martial residence.

In any civil contempt proceeding, the complaining party must prove by a preponderance of the evidence that the other party has violated an order of court. *Chrysczanavicz v. Chrysczanavicz*, 796 A.2d 366 (Pa. Super. 2002). A party will be found in civil contempt if it is shown that the contemnor's failure to comply with the support order is willful and there is a present ability to pay. Likewise, a contempt may not be found where the contemnor has demonstrated a good faith attempt to comply with the order, and does not have the present ability to pay. Pa.R.C.P. Rule 1910.251(b); *Godfrey v. Godfrey*, 894 A.2d 776 (Pa. Super. 2006).

Although the evidence and testimony presented at the September 3, 2010 hearing support a finding that wife did in fact fail to comply with the support order dated May 12, 2009, the court also determines that wife did not willfully disobey the order as does she have the present ability to comply. In making such a determination, the court considers the fact that in addition to wife being responsible for the home equity payments, wife is also responsible for providing daily care and financial stability of the parties' two adult children, who for independent reasons, are not capable of caring and providing for

themselves.

Wife continues to assume this responsibility regardless of the financial hardship it may cause her, while living on a limited income provided by spousal support and social security income. Accordingly, the court finds that wife did not possess the willful intent to disobey the May 12, 2009 support order that is necessary for a finding of contempt.

The court does acknowledge that husband did provide the payments for the home equity loan, which were previously calculated into the spousal support order as a deviation against husband. The court will credit the total amount paid towards his monthly support obligation.

The next issue put before the court is a determination of the parties' net earnings capacity. Wife's earning capacity is relatively straight forward. Wife currently receives social security income in the amount of $983.00 per month. Wife is unable to actively seek employment due to injuries relating to a driving accident occurring several years ago, and her responsibility to care for her two adult children.

Husband currently receives social security benefits in the amount of $1,825.00 per month and a monthly annuity payment equaling $834.96. Wife contends that husband consistently earned additional income working part time as a machinist, and believes that husband continues to do so. Husband refutes wife's assertion, arguing that he is no longer able to work in his machine shop as a result of a protection from abuse order entered against him by wife barring him from the marital residence. The court agrees with husband and finds that there is insufficient evidence

to establish that husband currently has the ability to earn additional income by working part time as a machinist. Additionally, husband is currently 67 years old, and it is unreasonable to expect husband to continue working solely to provide spousal support to wife, when the ability and means of earning such support no longer exist. As such, the court accepts husband's monthly earning capacity to equal a total of $2,659.96.

Additionally, the court finds that the previous support order did not adequately provide for the special circumstances pertaining to this case. The parties have two adult children who are unable to financially provide for themselves. Their son is 47 years old and has been diagnosed with a mild learning disability. Their daughter is 38 years old and is physically incapacitated, requiring constant supervision. Throughout their marriage these parties had to financially support their children. Since separation, however, this responsibility has become the sole burden of wife.

The Pennsylvania Rules of Civil Procedure, rule 1910.19 allows for a continuation of an existing support order when a child reaches the age of eighteen and an agreement exists between the parties or a child has special needs and requires continuing support. Pa.R.C.P. Rule 1910.19(e). The court believes that there was a mutual understanding between the parties throughout the duration of marriage that they would provide for each of their special needs children. Additionally, the fact that an existing order was not in effect due to the fact that the children reached the age of eighteen does not prevent the court from considering the parties' children in order to

fashion an appropriate support order, as a parent has the continuing obligation to support an un-emancipated child even after said child reaches the age of eighteen. 23 Pa. C.S.A. §4321(3); *Hanson v. Hanson* 625 A.2d 1212 (Pa. Super. 1993).

The remaining issues before the court for resolution are based on wife's petition to invade marital assets to protect the marital estate. In her petition, wife specifically requested permission to use martial funds to pay for. 1) property taxes and homeowner's insurance; 2) an appraisal of the marital property; 3) general maintenance of the marital property; and 4) snow removal. Wife additionally requested this court to order the sale of the machine shop and list the marital property for sale. By order of court dated March 16, 2010 and with the consent of the parties, marital funds were allowed to be used for appraisal of the marital property and the machine shop/marital residence were to be listed for sale. Subsequent to the March 16, 2010 order, the parties agreed at a conciliation conference to use marital funds to pay for property tax on the marital residence. Shortly thereafter, an additional court order provided that martial property shall be used to pay for real estate taxes and insurance on the marital residence.

The remaining issues are wife's request that marital property be used for general maintenance of the marital property, including snow removal, and that husband be required to repair the mobile trailer located on the marital residence so that said trailer may be rented out and generate income. First is wife's request that marital property be used for the general maintenance of the marital residence. The support guidelines generally assume that the spouse

occupying the marital residence has the sole responsibility of paying for costs incurred as a result; including the general maintenance, with a credit being provided to the occupying spouse at the time of equitable distribution. Pa. R.C.P. Rule 1910.16-6(e). Additionally, the spousal support currently provided to wife by husband is intended for these miscellaneous expresses that wife seeks to have paid from the marital estate. For these reasons the court is denying wife's request to have the marital estate pay for the general maintenance of the marital property.

Wife's additional request that husband repair the trailer located on the marital property is reasonable. The parties would only benefit from renting out the trailer, thereby incurring additional income. Husband is directed to return the mobile home to a condition adequate enough so that said trailer may be occupied by a tenant. Husband returning to the marital residence for the purposes of conducting these repairs will not be in violation of any existing protection from abuse order, provided that the general provisions that husband will not stalk, harass, threaten, or abuse wife are fully complied with.

Lastly, wife's request for counsel fees is premature; as such request will be deferred to the master. Wife, however, has preserved her claim for counsel fees, and will be decided at the time of economic distribution.

The court will enter the attached order in accordance with this opinion.

## ORDER OF COURT

And now, December 21, 2010 this case being

500

before the court previously for a hearing on a petition for contempt and for a complex support case, with the complex support case being resolved by companion order of this court at the domestic relations case number.

After consideration of the evidence presented relative to the contempt, the court enters the following order:

1. The defendant's/wife's request to use the marital estate to pay for general maintenance of the marital property, including snow removal, is denied:

2. The defendant's/wife's request that plaintiff/husband repair the trailer located at the marital residence is granted. The husband shall make the necessary repairs to said trailer such as the trailer is in proper condition for an attendant to inhabit.

3. The defendant's/wife's request for attorney's fees is preserved and shall be decided by the master at the equitable distribution hearing.

4. The provisions of the prior order of May 12, 2009, which are in compliance with Pa. R.C.P. 1910.27(e), and all other provisions are incorporated therein, are incorporated herein as though fully set forth and shall continue in full force and effect as a final order of court except as modified and supplemented by these findings and this order.

5. The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record and any party not represented by counsel at their last known address as contained in the court file.

## ORDER OF COURT

And now, December 21, 2010, this case being before the court for a complex support hearing, with the plaintiff, Janice L. McClymonds, appearing with her attorney, Chrystal C. Tinstman, Esq., and the defendant, Robert G. McClymonds, appearing with his attorney, Gregory Fox, Esq., and after a hearing held, the court makes the within findings of facts, and enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. The court assesses the plaintiff a full-time net monthly earning capacity and therefore establishes net monthly earnings in the amount of $942.05. The court makes this finding based upon the evidence and testimony presented at the hearing and the evidence submitted by the Lawrence County domestic relations section.

2. The court assesses the defendant a full-time net monthly earning capacity and therefore establishes net monthly earnings in the amount of $2,450.72, consisting of the net, after tax income, taking into consideration the husband's monthly Social Security benefit in the sum of $1,825.00, and a monthly annuity payment equaling $834.96. The court makes this finding based upon the evidence and testimony presented at the hearing and the evidence submitted by the Lawrence County Domestic Relations Section.

3. The court finds that the plaintiff pays health insurance at the rate of $53.00 per month. As such calculations pursuant to Pennsylvania Rule of Civil Procedure 1910.16-6(b), are made with the result that the plaintiff is entitled to an upward deviation of $38.28 per month.

4. The defendant's spousal support obligations to the plaintiff are summarized as follows:

a. Spousal support: 40% of difference $603.47

b. Adjustment for health insurance: $38.28

Total Spousal Support: $641.75

5. Based upon the above findings of fact, it is hereby ordered, adjudged and decreed that the defendant shall pay to the Pennsylvania State Collection and Disbursement Unit the sum of $641.75 in spousal support, with the first payment due immediately and monthly thereafter until an income attachment is implemented.

6. The effective date of this order of court is March 4, 2010.

7. The Domestic Relations Section of Lawrence County is to set the amount of arrearages and the arrearages will be payable in the sum of $25.00 per month in addition to the support obligation of $641.75 per month for a total monthly payment of $666.75.

8. Any un-reimbursed medical expenses that exceed $250.00 annually per child and/or spouse are to be paid as follows:

a) 27.77% by the plaintiff;

b) 72.23% by the defendant.

9. The provisions of the prior order of May 12, 2009, which are in compliance with Pa.R.C.P. 1910.27(e); and all other provisions are incorporated therein, are

incorporated herein as though fully set forth and shall continue in full force and effect as a final order of court except as modified and supplemented by these findings and this order.

10. The defendant shall receive credit against the arrearages for any payments made toward the parties' home equity loan, said payments totaling the sum of $12,029.08, as of the date of this order.

11. The domestic relations section is directed to serve a copy of this order of court upon counsel of record, and if a party is not represented by counsel, then upon that party at their last known address as contained in the court's file.