J-S31015-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| A.W.E. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.O.E., JR. | : | |
| | : | |
| Appellant | : | No. 122 WDA 2019 |

Appeal from the Order Entered November 14, 2018
In the Court of Common Pleas of Indiana County Civil Division at No(s):
No. 12061 CD 2014

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 03, 2019

In this pro se appeal in a child custody matter, J.O.E. ("Father") raises challenges to two trial court orders: (1) A June 2018 order granting Mother's request to withdraw her appeal of a mediation ruling, canceling a scheduled custody trial, and directing the parties to comply with an April 2018 custody order, and (2) a November 2018 order clarifying the April 2018 custody order and denying Father's petition for contempt. He also claims the trial court was biased against him.

We conclude that Father's claim that the trial court is biased against him is meritless. We conclude that Father waived any challenges to the June 2018 order withdrawing the appeal, canceling the custody hearing and directing compliance with the April 2018 order because he did not file a timely objection to the order before the trial court. We conclude that the November 2018 order did not modify an award of custody or modify any terms of custody and,

therefore, the court did not err in issuing the order clarifying custody without a hearing and without consideration of the custody factors. However, we conclude that the trial court erred in denying the motion for contempt without holding a hearing. We therefore reverse the portion of the November 2018 order addressing the motion for contempt and remand for proceedings consistent with this memorandum.

Mother and Father are parents to three children, C.S.E. (born October 1997), R.A.E. (born May 2001), and M.J.E. (born November 2005) (collectively "Children").[1] In December 2013, Father was charged with criminal homicide, robbery, and theft. In September 2015, he pled guilty to first-degree murder, and the trial court sentenced him to life imprisonment without the possibility of parole.

The following procedural history is relevant to this appeal. In April 2018, the parties attended a custody mediation. Following this mediation, the court entered a consent order, which provides, in part, that:

> Father shall be permitted to have written communication in the form of letters, drawings, photographs, etc. . . . with each of the minor children[,] no more than once per week. This communication shall be addressed directly to the minor children and limited to the [C]hildren, custody matters, and matters related directly to the minor children. Furthermore, the minor children shall be permitted to reciprocate written communication back

_____

[1] When the court issued its 2018 order, R.A.E. and M.J.E. were minor children. At the time of the disposition of this appeal, the only minor child is M.J.E.

to Father and Mother shall not discourage and/or prohibit such reciprocity.

Order, Apr. 4, 2018, at ¶ 6.

Mother filed a Motion to Appeal Mediation Ruling Granting Contact. The court scheduled a custody trial. In May 2018, Father filed a Petition for Visitation of Minor Children. The trial court stated it took "[n]o action . . . as to this petition because [Father] already had contact with [the Children] pursuant to the consent custody order of April 4, 2018." Trial Court Opinion, filed Jan. 9, 2019, at 3 (unpaginated) ("1925(a) Op.").

In June 2018, Mother filed a Motion to Withdraw Request for Appeal of Mediation Ruling. On June 15, 2018, the trial court granted Mother's motion to withdraw the appeal, canceled the custody trial, and held that the consent custody order of April 4, 2018 remained in full force and effect.

On August 8, 2018, Father filed a petition entitled "Contempt of Court," alleging Mother violated the April consent order and requesting that the court find her in contempt. Father alleged Mother failed to deliver to Children more than twelve letters that Father allegedly sent to them between April 4, 2018 and August 5, 2018 via United States Mail to Mother's residence. Father also requested the trial court to find Mother in contempt of the April 4, 2018 order for failing to claim a package that Father allegedly mailed via certified mail on July 18, 2018, addressed to Mother, which was allegedly filled with letters to Children. Moreover, Father alleged that he had sent a letter/birthday card to his daughter, R.A.E., via United States mail, to his mother, and that his mother had hand-delivered the letter to R.A.E., which had upset Mother. Mother then

- 3 -

sent an e-mail to Father's mother concerning the latter's delivery of the letter/birthday card to R.A.E. without Mother's knowledge or permission.

Mother did not file a response to this petition, and the trial court did not hold a hearing. On November 14, 2018, the court entered an order providing the following:

> 1. Pursuant to Consent Order of Court of April 4, 2018, [Father] is permitted to have written communication with the minor children no more than once a week. (Paragraph 6 of the Order of April 4, 2018) The Order is clarified as follows:
>
>> a. the written communication shall be by U.S. Mail addressed directly to the [C]hildren.
>>
>> b. the correspondence shall not be delivered to the [C]hildren by any third-party.
>>
>> c. [Father] shall not discuss his criminal cases in the correspondence.
>>
>> d. [Mother] shall not interfere in the delivery of the correspondence unless the correspondence contains improper matters.
>
> [2.] The Petition for Contempt is denied.

Trial Court Order, 11/14/18.

Father filed a Notice of Appeal. On appeal Father argues[2] that the trial court erred in June 2018 when it canceled the child custody hearing based on Mother's withdrawal of her appeal, but without his consent. He argues the

_____

[2] Father failed to include a statement of questions involved in his brief on appeal, but he outlined his issues in a section of his brief entitled summary of the case, and all of his issues raised in his brief are either set forth or suggested in both the summary of the case and his concise statement. Thus, we will not penalize him for his inaccuracy in following the Pennsylvania Rules of Appellate Procedure. See Pa.R.A.P. 2116.

November 2018 order changed the custody order, without a hearing and without consideration of the factors. He claims the entry of the order violated his Due Process rights. He further argues that in the November 2018 order, the court denied his motion for contempt and "further restricted [Father's] . . . contact/communications with his minor children" without a trial or hearing, in violation of his Due Process rights. Father's Br. at 13-14. He also argues the trial court was biased against him.

A. June 2018 Order Granting Petition to Withdraw Appeal, Cancelling Custody Hearing, and Ordering Compliance with April 2018 Custody Order

In June 2018, the trial court entered an order granting Mother's petition to withdraw her appeal of the mediation ruling, canceling the custody trial, and directing that the April 2018 order would remain in effect.

Father argues the trial court erred in canceling the custody hearing without his consent. He claims the court violated his due process rights because it did not hold a custody hearing, and did not consider the custody factors.

Father did not object after the court granted the petition to withdraw, cancelled the hearing, and directed that the April 4, 2018 order would remain in effect. Father asserts that his time in the prison library was limited and states that he needed to determine his next step in the custody case, but he does not explain why he did not object to the cancellation of the custody trial. We conclude Father's explanation for his failure to timely object in the trial court is inadequate. Thus, to the extent Father raises issues of custody and

visitation based on the June 2018 order, he failed to timely bring those issues before the trial court, and therefore waived the issues. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Father at times also appears to argue the trial court erred in denying his petition for visitation, which he filed after the April 2018 order, but before the June 2018 order granting the petition to withdraw the appeal. The court has not addressed the order, and therefore there is no order from which to appeal, and we therefore cannot address it. As this motion is outstanding, the trial court should address it upon remand. We note that the petition sought visitation with Children at the prison, which would be more contact than Father currently has with Children.

B. November 2018 Order Clarifying Custody Order

Father next claims the court erred when it entered the November 2018 order because it changed the custody order without a hearing and without consideration of the custody factors.

"Section 5328(a) requires that the sixteen enumerated factors be considered when the court is determining a child's best interest for the purpose of making an award of custody." M.O. v. J.T.R., 85 A.3d 1058, 1062 (Pa.Super. 2014); see 23 Pa.C.S.A. §§ 5323(a), 5328(a). Further, if the court is modifying the custody order, but not awarding custody, it need not consider the custody factors, but must determine that the modification would be in the children's best interest. M.O., 155 A.3d at 1062. Moreover, when addressing

visitation of an incarcerated parent, courts are to consider additional factors,

including:

> (1) age of the child; (2) distance and hardship to the child in traveling to the visitation site; (3) the type of supervision at the visit; (4) identification of the person(s) transporting the child and by what means; (5) the effect on the child both physically and emotionally; (6) whether the parent has and does exhibit a genuine interest in the child; and (7) whether reasonable contacts were maintained in the past.

M.G. v. L.D., 155 A.3d 1083, 1094 (Pa.Super. 2017) (quoting D.R.C. v.

J.A.Z., 31 A.3d 677, 687 (Pa. 2011)).

The trial court concluded:

> [Father] claims that the order of November [14], 2018 does not clarify the consent order of April 4, 2018, but rather restricts his contact with [C]hildren. A comparison of the two Orders shows otherwise.
>
> The custody consent order of April 4, 2018 provides that [Father] was permitted to have "written communication in the form of letters," and that the communications shall be addressed directly to the minor children. While not specifically stating that contact was to be by mail, it is clear that the intent of the order and the parties would be by U.S. Mail. [Father's] incarceration supports this interpretation of the order. Other than mail addressed to the [C]hildren, or telephone communication with the [C]hildren, there are no other means of communication available to [Father].
>
> [Father] also claims that the ban on delivery of correspondence by third parties constitutes a further restriction on his ability to contact the [C]hildren as set forth in the consent custody agreement of April 4, 2018. Again[,] the language used in the order at issue supports the common sense interpretation of the consent order showing the intent that contact would come directly from [Father], addressed directly to the [C]hildren and by mail.

1925(a) Op. at 4-5.

We agree with the trial court. The November order clarified the April order, and did not modify the award of custody or modify any terms of the custody order. Rather, under each order Father is permitted to mail letters to Children and is limited in the topics which may be discussed, and under both orders Mother cannot interfere with the receipt of letters. Compare Order, filed Apr. 4, 2018, at ¶ 6 (providing Father shall have "written communication . . . with each of the minor children," communication "shall be addressed directly to the minor children," communication shall be "limited to the children, custody matters, and matters related directly to the minor children," and Mother "shall not discourage and/or prohibit" reciprocity), with Order, filed Nov. 14, 2018 (providing "written communication shall be by U.S. Mail," "correspondence shall not be delivered by any third party," Father "shall not discuss his criminal cases," and Mother shall not interfere in the delivery "unless the correspondence contains improper matters"). Therefore, the court did not err in failing to consider the custody factors or to conduct a best interest analysis, and did not err in clarifying the order without a hearing.

C. November 2018 Order Denying Petition for Contempt

Father also argues that the trial court erred in denying his petition for contempt. He argues Mother failed to give the letters to Children and sent an email to Father's mother ("Paternal Grandmother") when Paternal Grandmother delivered letters to Children from Father. He argues the court should have held a hearing prior to ruling on the motion.

We conclude that the trial court abused its discretion in denying Father's petition for contempt without holding a hearing.

We have held that a trial court abuses its discretion if it dismisses a petition for contempt without conducting a hearing.[3] Chrysczanavicz v. Chrysczanavicz, 796 A.2d 366, 369 (Pa.Super. 2002); Basham v. Basham, 713 A.2d 673, 674 (Pa.Super. 1998). In Chrysczanavicz, the mother filed a contempt petition alleging the father had not complied with two court orders dealing with health insurance coverage for the parties' child. Chrysczanavicz, 796 A.2d at 367. Because the father had not appeared at two hearings, the court issued bench warrants for his arrest. Id. at 368. On the day of the father's arrest, the court held a hearing. Id. The court left a voicemail message for the mother on the day of the hearing, but provided no other notice to the mother. Id. The mother did not attend the hearing. Id. The trial court discussed the health insurance issue with the father and his counsel. Id. Based on the unsworn statements of the father and his counsel, and without allowing the mother an opportunity to respond, the court dismissed the mother's contempt petition. Id.

We noted that, in civil contempt proceedings, "[t]he complaining party has the burden of proving by a preponderance of the evidence that a party

_____

[3] The order denying Father's civil contempt petition is an appealable order because the order that Mother allegedly failed to comply with was a final consent custody order. Schultz v. Schultz, 70 A.3d 826, 828-29 (Pa.Super. 2013) (concluding "order refusing to find an individual in contempt is appealable only where the respondent failed to comply with a prior final order").

violated a court order." Id. at 369 (quoting Williams v. Williams, 681 A.2d 181, 183 (Pa.Super. 1996)) (alternation in original). We concluded that the court did not provide mother "with sufficient notice so that she could be present to testify and attempt to carry her burden of proving that [the f]ather was in contempt of the court orders." Id.

In addition, we noted the "five elements deemed essential to a civil contempt adjudication," which include: "(1) a rule to show cause why attachment should issue; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication." Id. (quoting Cahalin v. Goodman, 421 A.2d 696, 698 (Pa.Super. 1980)). We concluded these elements not only protect a party who may be found in contempt, but also "protect the complaining party so that he or she may be heard." Id.

We concluded that the mother's rights "were compromised by the failure of sufficient notice and by the dismissal of her petition without a hearing" and that the court abused its discretion when it made a contempt determination "on a record where no testimony was taken and no evidence entered." Id.

Here, Father filed a petition for contempt of court, alleging Mother failed to comply with the trial court's April 2018 Order. Mother did not file a response. Without holding a hearing on the petition, the trial court denied the petition for contempt. Order of Court, filed Nov. 14, 2018. As in Chrysczanavicz, the trial court dismissed the contempt petition where there was no testimony or evidence entered and without permitting Father an opportunity to meet his burden. The trial court therefore abused its discretion

- 10 -

by denying the contempt petition without holding a hearing. We will remand this case to the trial court to conduct such a hearing.

The dissent argues that a hearing would have been futile because the April order was not "definite, clear, and specific." Concurring and Dissenting Memorandum at 4. We disagree. As to the issue in Father's Petition for Contempt, that is, that Mother did not give letters to Children, the April order was unambiguous. Father had the right to send letters to Children, and Mother was not to interfere with that right.

D. Bias

Father also claims the trial court is biased against him. Father is not entitled to relief on this claim. Father did not file before the trial court a motion for recusal. Further, even if he had, "[a]dverse rulings alone do not establish the requisite bias warranting recusal" of a trial court judge. See Arnold v. Arnold, 847 A.2d 674, 681 (Pa.Super. 2004). Here, although Father disagrees with the trial court's orders, other than generalized complaints of bias, there is no evidence to support his claim.

Order affirmed in part, reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Stabile joins the Memorandum.

Judge Olson files a Concurring/Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/3/2019</u>