**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA GREZAK-SKLODOWSKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 2311 EDA 2020 |

Appeal from the Order Entered September 29, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 55750 CV 2016,
No. 751 DR 2005

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 18, 2021**

Appellant, Grazyna Grezak-Sklodowska ("Wife"), appeals *pro se* from the September 29, 2020 Order entered in the Monroe County Civil Division that denied Wife's request to hold Wieslaw Grezak ("Husband") in contempt for violating court Orders regarding the equitable distribution of the formerly married couple's property.  Upon review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Wife and Husband were married in 1982, Wife filed a Complaint in Divorce in 2016, and the trial court entered a Divorce Decree on March 28, 2019.  The divorce proceedings have been highly contentious, with Wife filing motions on a regular basis, sometimes daily, resulting in a delayed completion of equitable distribution.  Relevant to this appeal, on

_____

[*] Retired Senior Judge assigned to the Superior Court.

August 27, 2018, after a hearing, a Divorce Master filed a Report and Recommendations recommending, *inter alia*, that Wife receive 55% and Husband receive 45% of the marital estate after liquidation of the former marital residence. Both parties filed Exceptions. On March 28, 2019, the trial court entered a final Divorce Decree, granted and denied various Exceptions, ordered the parties to select a broker for the sale of the marital residence, and ordered that the selected broker set the listing price for the property. Order, 3/28/19. The court further ordered that if the parties were unable to agree, "either party may file a petition requesting they be given the authority to unilaterally select a broker or have one court-appointed." *Id.*

On May 15, 2019, Husband filed a Petition that alleged, in relevant part, that Wife was not cooperating with the sale of the marital residence and requested that the trial court appoint a realtor. Petition for Realtor, 5/15/19. On June 10, 2019, after numerous responsive pleadings and a hearing, the trial court granted Husband's request and ordered:

> [Husband] is authorized to procure a realtor to list the marital residence at a price recommended by the realtor. If [Wife] refuses to sign the listing agreement or any other documents related to the listing, [Husband] shall be authorized to sign said documents on [Wife]'s behalf. [Wife] shall cooperate with the marketing and sale [of] the marital residence.

Order, 6/10/19. On June 26, 2019, Husband filed an Emergency Petition for Exclusive Possession and Contempt, which requested that the court grant husband exclusive possession of the marital residence and alleged that one day earlier, Wife had refused to allow Husband, the realtor, and two constables

to enter the marital residence. After numerous responsive pleadings and a hearing, on July 31, 2019, the court granted Husband's Emergency Petition for Exclusive Possession and ordered, in relevant part:

Commencing September 1, 2019, [Husband] shall enjoy exclusive possession of the marital residence[.] In accordance with our June 10, 2019, Order, [Husband] shall remain authorized to procure a realtor to list the marital residence at a price recommended by the realtor. If [Wife] refuses to sign the listing agreement or any other documents related to the listing, [Husband] shall be authorized to sign said documents on [Wife]'s behalf. If prior to September 1, 2019, [Wife] signs a listing agreement and otherwise cooperates with the marketing, showing and sale of the marital residence, [Wife] shall be permitted to retain exclusive possession of the marital residence through the closing date.

Order, 7/31/19. On August 27, 2019, Husband filed a Petition for Special Relief and Ejectment Pursuant to the July 31, 2019 Order Granting [Husband] Exclusive Possession ("Petition for Ejectment"). In the Petition for Ejectment, Husband alleged that on August 14, 2019, Wife once again refused to allow Husband and the realtor to enter the marital residence to begin the listing process, and requested that the court order Wife's ejectment from the property. The trial court denied the Petition as premature. On September 4, 2019, Husband filed an Amended Petition for Ejectment, and made additional allegations that on September 1, 2019, Wife refused to allow Husband, the realtor, and a constable into the marital residence to begin the listing process. On October 9, 2019, after holding a hearing and considering the parties' Briefs, the trial court granted Husband's Amended Petition. The court ordered that Husband shall have exclusive possession of the marital residence on

- 3 -

November 1, 2019 at 1:00 PM and Husband "shall continue to have exclusive authority to list, market and sign all documents necessary to sell the marital residence at a price recommended by a realtor." Order, 10/9/19. Following the entry of this Order, Wife filed numerous Contempt Petitions alleging that Husband was not complying with the terms of the Order, which the trial court serially denied.[1]

On July 1, 2020, Husband filed a Petition for Special Relief averring that the marital residence was under a contract to sell with a closing date of July 31, 2020, and requesting that the court Order Wife to pay overdue taxes, pay for half of the cost of cleanout and repairs of the residence, and remove her personal property from the home no later than July 24, 2020. On July 17, 2020, the trial court ordered the following:

---

[1] For example, on November 13, 2019, Wife filed a *pro se* Emergency Petition for Contempt alleging, *inter alia*, that Husband was in contempt of the October 9, 2019 Order because Husband was delayed in listing the marital residence for sale. On November 14, 2019, Wife filed a *pro se* Emergency Petition for Contempt and Incarceration, which alleged that Husband acted with wrongful intent to take over the marital residence and "has chosen abduction of [Wife]." Emergency Petition, 11/14/19, at ¶ 9. On November 15, 2019, Wife filed a *pro se* Emergency Petition for Contempt . . . Under Doctrine of Unclean Hands, which alleged that beginning on October 23, 2019, Husband began to run his business out of the marital residence, caused a devaluation of the residence, blocked the listing and sale of the marital residence, and, once again, alleged that Husband "wrongfully abducted and dragged away" Wife from the marital residence on November 1, 2019. Emergency Petition, 11/15/19, at ¶ 7. On November 18, 2019, Wife filed a *pro se* Supplemental Petition to Emergency Petition for Contempt Against [Husband] alleging that Husband "attempts to bring back to marital residence all the refuse (garbage) full of mold." Supplemental Emergency Petition, 11/18/19, at ¶ 5.

1. All closing costs related to the sale of marital residence located at 144 Wyndham Drive, Cresco, Monroe County, Pennsylvania shall be paid from the proceeds of the sale and collected at the time of closing;

2. The balance of the proceeds of the sale of the marital residence, along with a copy of the HUD- I Settlement Statement, shall be deposited with the Monroe County Prothonotary's Office within 72 hours of the closing and shall be distributed only upon written agreement of the parties, or further Order of Court;

3. The cost of any cleanout or disposal service, including use of dumpsters, shall be paid at the time of closing from the sale proceeds and reflected on the Settlement Statement;

4. The cost of all repairs necessary for safety issues in the marital residence shall be paid at the time of closing from the sale proceeds and reflected on the Settlement Statement;

5. Plaintiff shall remove all of her personal property from the marital residence in the presence of a constable, with or without the assistance of a professional moving company no later than July 28, 2020, at 6:00 p.m., after giving Defendant 24 hours of notice of her intent to do so;

6. In the event that Plaintiff fails to remove her personal property on or before July 28, 2020, at 6:00 p.m., Defendant shall be authorized to arrange for the orderly removal of Plaintiffs personal property and placement of the same at a secure local storage facility with the costs to be assessed against the Plaintiff upon final distribution of the proceeds of the sale of the marital residence;

7. Plaintiff is PROHIBITED from entering upon the real property at 144 Wyndham Drive, Cresco, Monroe County, Pennsylvania on any other date and time other than the day during which she may enter the premises to remove her personal property in the presence of a constable.

8. Following the closing on the marital residence and deposit of the sale proceeds with the Court as set forth above, if no agreement is reached regarding division of the proceeds, either party may file a motion requesting the Court to determine the amount to be distributed.

Order, 7/17/20.

On July 31, 2020, the marital residence sold, and on August 31, 2020, the court held a hearing on the distribution of proceeds from the sale of the marital residence and various other outstanding motions.

On September 25, 2020, prior to the trial court ruling on the distribution of proceeds from the sale of the marital residence, Wife filed a *pro se* Petition for Contempt and Special Relief.[2]  In the Contempt Petition, Wife alleges that Husband is in contempt of the June 10, 2019 and July 17, 2020 Orders.  Wife avers that Husband is in contempt of the June 10, 2019 Order because he did not contact a broker in a timely manner, delayed the sale of the marital residence, and sold the house secretly for half of its value.  Contempt Petition, 9/25/20, at ¶ 4.  Wife further alleges that Husband is in contempt of the July 17, 2020 Order because on July 28, 2020, Husband did not allow her to peacefully remove $380,000 worth of personal property from the marital residence, and, instead, "abandoned and damaged [Wife]'s personal property, when unnecessarily rushed its moving to a storage." ***Id.*** at ¶ 8-9.  Wife makes various additional averments that are incomprehensible or irrelevant to her contempt allegations.

---

[2] This is approximately the thirty-fifth (35th) petition that Wife has filed during the pendency of this divorce case requesting that the court hold or reconsider holding Husband in contempt.

On September 29, 2020, the trial court denied Wife's Petition for Contempt. Wife timely appealed, raising four issues in her *pro se* Notice of Appeal. The trial court filed a responsive Opinion.

In her *pro se* Brief, Wife raises the following issues for our review:

I.    Whether the trial court abused its discretion in failing to find and charge Husband in contempt where Husband and his two attorneys over the course of several months willfully submitted false documentation and testimony concerning the sale of marital house.

II.   Whether no authority existed that permitting not to consider Wife's documentation when Wife proceeded with due diligence.

III.  Whether there is the fatal defect apparent upon the face of the record.

IV.   Whether Wife should be awarded with all requested special relief or remedy as equity and justice requires.

Wife's Br. at 4 (some capitalization omitted).

We review a contempt order for a "clear abuse of discretion." *Chrysczanavicz v. Chrysczanavicz*, 796 A.2d 366, 368 (Pa. Super. 2002) (citation omitted). We give great deference to the trial court's findings. *Id*. Our review is, thus, "confined to a determination of whether the facts support the trial court's decision." *Id*. at 368-69 (citation omitted).

"In civil contempt cases, the complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence." *Stahl v. Redcay*, 897 A.2d 478, 489 (Pa. Super. 2006) (citation omitted). To sustain a contempt finding, the complainant must prove: "(1) that the contemnor had notice of the specific order or decree which he is

alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *Id.* (citation omitted).

In her first issue as stated, Wife avers that Husband and his attorneys willfully submitted false documentation and false testimony to the court regarding the sale of the marital residence. Wife's Br. at 4. However, in her Argument Section, Wife pivots and argues that Husband violated the June 10, 2019 and July 17, 2020 Orders when he willfully blocked her from the sale and marketing of the marital residence, delayed procuring a realtor's contract until November 17, 2019, did not provide the realtor's agreement to her for her signature, delayed the sale of the house for nearly one year, and sold the marital house for half of its value in violation of the June 10, 2019 and July 17, 2020 Orders. Wife's Br. at 12-14. Our review of the record belies Wife's claims.

Neither the June 10, 2020 Order nor the July 17, 2020 Order state a timeline for procuring a real estate contract or selling the house, making it impossible for Husband's actions in this respect to be a violation of either Order. Moreover, our review of the record reveals that it was Wife who was uncooperative with the sale and marketing of the home, evidenced by the court issuing the October 9, 2019 Order granting Husband exclusive possession of the marital home and exclusive authority to list, market and sign all documents necessary to sell the marital residence. As Husband had exclusive authority to make decisions and sign all documents regarding the

sale of the home, his failure to provide Wife with real estate documents to sign and his decision to accept a certain sale price for the home are not contemptuous actions. Accordingly, we find no abuse of discretion.

Wife's remaining issues are difficult to discern as stated and as argued. Wife makes various allegations of error that are disorganized, repetitive, and at times incoherent. In arguing these issues, Wife cites boiler-plate law but fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). The Rules of Appellate Procedure clearly state that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020). While we are willing to liberally construe *pro se* filings, "*pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009). Simply put, we will not act as counsel. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). When defects in a brief impede this Court's ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.*

Wife's failure to develop her remaining issues in a meaningful and coherent way severely hampers this Court's review of the issues and,

therefore, we are constrained to conclude that issues two through four are waived.

In sum, the trial court did not abuse its discretion when it denied Wife's Contempt Petition. Our review of the record supports the trial court's decision.[3, 4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2021

---

[3] Wife's Motion to Accept Reply Brief of Appellant is granted.

[4] This Court would be remiss if we did not mention that our review of the record reveals that Wife has engaged in a pattern of filing frivolous petitions and motions in the trial court, sometimes on a daily basis. Additionally, Wife has filed at least nine appeals to this Court where Husband is the Appellee. This Court finds the sheer volume of Wife's filings to be outrageous, and we admonish Wife's vexatious, obdurate, and dilatory conduct.